1  **CARNEY SHEGERIAN, ESQ.** (SBN: 150461)
   SHEGERIAN & ASSOCIATES
2  225 SANTA MONICA BLVD., SUITE 700
   SANTA MONICA, CALIFORNIA 90401
3  TEL: (310) 860-0770 FAX: (310) 260-0771

4  **EBBY S. BAKHTIAR, ESQ.** (SBN: 215032)
   LIVINGSTON • BAKHTIAR
5  3435 WILSHIRE BOULEVARD, SUITE 1669
   LOS ANGELES, CALIFORNIA 90010
6  TEL: (213) 632-1550 FAX: (213) 632-3100

7  Attorneys for Plaintiff:
   AUGUSTIN PEREZ

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10                              CASE No.:   BC589893

11  AUGUSTIN PEREZ, an Individual,        )   **THIRD AMENDED COMPLAINT**
                                          )
12              PLAINTIFF,                )   1. **DISCRIMINATION BASED ON ACTUAL,**
                                          )      **PERCEIVED, OR ASSOCIATIONAL**
13  v.                                    )      **DISABILITIES**
                                          )
14  WASTE MANAGEMENT OF CALIFORNIA, )       2. **FAILURE TO ENGAGE**
    INC., a Corporation, d.b.a. WASTE     )
15  MANAGEMENT; USA WASTE OF              )   3. **FAILURE TO ACCOMMODATE**
    CALIFORNIA, INC., a Corporation, d.b.a. )
16  WASTE MANAGEMENT; USA WASTE           )   4. **DISCRIMINATION BASED ON AGE**
    MANAGEMENT, INC., a Corporation, d.b.a. )
17  WASTE MANAGEMENT; WASTE               )   5. **RETALIATION IN VIOLATION OF FEHA,**
    MANAGEMENT, INC., a Corporation, d.b.a. )      *LABOR CODE* §1102.5 AND CFRA
18  WASTE MANAGEMENT; ERICA               )
    RAMIREZ, an Individual and DOES 1 through )  6. **HARASSMENT**
19  100, Inclusive,                       )
                                          )   7. **FAILURE TO PREVENT**
20              DEFENDANTS.               )
    _____   8. **WRONGFUL DISCHARGE**
21
                                              9. **INTENTIONAL INFLICTION OF EMOTIONAL**
22                                               **DISTRESS**

23                                            10. **UNFAIR BUSINESS PRACTICES DICTATING**
                                                 **INJUNCTIVE RELIEF**
24

25  Plaintiff, AUGUSTIN PEREZ, hereby complains and alleges as follows:

26                              **PLAINTIFF**

27      1.    At all relevant times mentioned herein, Plaintiff AUGUSTIN PEREZ (hereinafter

28  "Plaintiff"), was and is an individual, residing in the County of Los Angeles, State of California.

---
                                  1.
                **THIRD AMENDED COMPLAINT FOR DAMAGES**

2.    Plaintiff brings this action against Defendants WASTE MANAGEMENT OF CALIFORNIA, INC., d.b.a. WASTE MANAGEMENT; USA WASTE OF CALIFORNIA, INC., d.b.a. WASTE MANAGEMENT; USA WASTE MANAGEMENT, INC., d.b.a. WASTE MANAGEMENT; WASTE MANAGEMENT, INC., d.b.a. WASTE MANAGEMENT; and DOES 1 to 50, (collectively "WM"), for economic, non-economic, compensatory and punitive damages, pursuant to *Civil Code* §3294; prejudgment interest pursuant to *Code of Civ. Proc.* §3291; costs; reasonable attorneys' fees pursuant to *Govt. Code* §12965(b) and *Code of Civ. Proc.* §1021.5 resulting from WM'S discrimination against Plaintiff due to his known and/or perceived disabilities, his need and/or requests for reasonable accommodations, exercising his rights under CFRA, his actual or perceived association with a disabled person as defined by *Govt. Code* §12926(o) and his age in violation of *Govt. Code* §§ 12940(a), 12945.2 and 2 C.C.R. §§ 11006, 11064, 11068; harassment on account of his known and/or perceived disabilities, his need and/or requests for reasonable accommodations, exercising his rights under CFRA, his actual or perceived association with a disabled person as defined by *Govt. Code* §12926(o) and his complaints about WM'S illegal and dangerous employment practices in violation of *Govt. Code* §§ 12940(a), 12945.2, *Labor Code* §1102.5 and 2 C.C.R. §11006; failure to prevent in violation of *Govt. Code* §12940(k); refusal or failure to reasonably accommodate Plaintiff's disabilities in violation of *Govt. Code* §§ 12940(m), 12945.2 and 2 C.C.R. §§ 11064 and 11068; failure to engage in a timely, good faith, interactive process after learning of Plaintiff's disabilities for which he required accommodations in violation of *Govt. Code* §12940(n); retaliation based on his requests for reasonable accommodations, exercising his rights under the CFRA, his actual or perceived association with the disabled as defined by *Govt. Code* §12926(o), his opposition to WM'S discriminatory employment practices, his opposition to conduct he reasonably believed was illegal, dangerous and/or in violation of public policy and/or his participation in activities WM perceived to be in opposition to its discriminatory employment practices and/or conduct that was illegal, dangerous and in violation of public policy in violation of *Govt. Code* §12940(h), *Labor Code* §1102.5 and 2 C.C.R. §11021; wrongful and retaliatory discharge in violation of public policy; intentional infliction of emotional distress; and unfair business and employment practices in violation of *Bus. & Prof. Code* §17200, et seq.

2.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

3. Plaintiff hereby brings this action against ERICA RAMIREZ and DOES 51 to 100, (collectively "RAMIREZ") for economic, non-economic, compensatory and punitive damages, pursuant to *Civil Code* §3294; prejudgment interest pursuant to *Code of Civ. Pro.* §3291; and reasonable attorneys' fees pursuant to *Govt. Code* §12965(b) resulting from RAMIREZ'S violation of *Govt. Code* §12940(j)(3) by harassing Plaintiff on account of his actual or perceived disabilities, need and/or requests for reasonable accommodations, exercise of his rights under the CFRA, association with a disabled person as defined by *Govt. Code* §12926(o), opposition to WM'S unlawful and discriminatory practices and/or his participation in activities RAMIREZ perceived to be in opposition such illegal practices; and for intentional infliction of emotional distress.

## DEFENDANTS

4. Plaintiff has been informed and believes and thereon alleges that, at all relevant times mentioned herein, WM is a California corporation and/or a corporation with its primary place of business in Los Angeles County, that regularly employs five or more persons and was his employer, co-employer, or the successor in interest to his employer or co-employer.

5. Plaintiff has been informed and believes and thereon alleges that, at all relevant times mentioned herein, RAMIREZ was and is an individual with her primary residence located in the County of Los Angeles and is or was a managing and/or supervisory employee of WM.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 to 100, are currently unknown to Plaintiff and therefore said defendants are being sued by such fictitious names. Plaintiff will seek leave to amend this Complaint to insert the true names and capacities of said defendants when the same become known to him.

7. Plaintiff has been informed and believes and thereon alleges that, at all relevant times mentioned herein, DOES 1 to 100 were residents of or principally doing business in County of Los Angeles, California. Plaintiff has also been informed and believes and thereon alleges that each DOE is legally responsible in some manner or means for the events and happenings referred to herein and proximately caused his damage, either through their own conduct or that of their agents, servants, or employees, or due to their ownership, supervision and/or management of the employees, agents, entities and/or instrumentalities that caused said damages, or by some other unknown means.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

8.    Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, there existed a unity of interest and ownership between the specifically named Defendants herein and DOES 1 to 100, such that any individuality and separateness between all said Defendants ceased to exist. Plaintiff is thus informed and believes and thereon alleges that, at all relevant times herein mentioned, each Defendant, whether a DOE or otherwise, was the agent and employee of its co-defendants WM and/or RAMIREZ and in doing the things hereinafter alleged, was acting within the authority, purpose, course and scope of such agency and employment with advanced knowledge, consent and ratification of each Defendant and/or co-Defendant WM and/or RAMIREZ.

9.    By the same token, Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, the specifically named Defendants herein and DOES 1 to 100, were also the successors-in-interest and/or alter egos of each other in that they purchased, controlled, dominated and operated one another without any separate identity, observation of formalities, or other manner of division. Plaintiff alleges that to continue maintaining the facade of a separateness and individual existence between the specifically named Defendants and DOES, does not and will not satisfy justice.

10.    Whenever in this Complaint reference is made to "Defendants" such allegation shall refer to the acts or omissions of WM and RAMIREZ, acting individually, jointly and/or severally.

## PROCEDURAL ALLEGATIONS

11.    The unlawful acts, omissions and violations of the FEHA, were committed by WM in the County of Los Angeles and the amount of damages sought by Plaintiff herein exceeds the minimum jurisdictional limits of the Court. Furthermore, on or about August 1, 2014, Plaintiff filed charges against WM with the California Department of Fair Employment & Housing and received his notification of right-to-sue on the same date.

## FACTUAL ALLEGATIONS

12.    Plaintiff, now 72 years old, continuously worked for WM from October 1980 until his employment was illegally terminated on or about August 9, 2013. Plaintiff has been informed and believes and thereon alleges that, at all relevant times mentioned herein, he consistently performed the essential duties of his job proficiently and to WM'S complete satisfaction.

4.
**THIRD AMENDED COMPLAINT FOR DAMAGES**

13.     By and before the termination of his employment, Plaintiff's essential job duties entailed driving a waste disposal truck. Plaintiff has been informed and believes and thereon alleges that while performing his daily duties for and on behalf of WM, he was always paired with a partner. Plaintiff has been further informed and believes and thereon alleges that, based upon his many years of experience, as well as his own personal observations throughout the years of his employment, his partners were always licensed and authorized to drive the waste disposal trucks. In this regard, it was very common for Plaintiff and his partners to switch tasks whenever necessary or convenient.

14.     Plaintiff has been informed and believes and thereon alleges that in or about early May 2012, WM started to require him to work over 15 hours of overtime every week. Plaintiff has been further informed and believes and thereon alleges that working so many hours of overtime caused him to become extremely tired. Plaintiff observed that when he grew tired, he was unable to focus or be as alert as he felt he should be. Plaintiff reasonably believed that this condition not only jeopardized his ability to safely operate the waste disposal truck in close proximity to the public, but also his own and his partner's safety, particularly when they were working outside or near the truck.

15.     Plaintiff has therefore been informed and believes and thereon alleges that WM'S overtime directive, as herein alleged, created a dangerous condition not only for him, but also for his partners and the general public at large, since he reasonably believed that it was unsafe to operate a large waste disposal truck while in a state of exhaustion. Plaintiff thus reasonably believed that it was illegal for WM to force him to work extra hours when he was too tired to do so.

16.     Plaintiff has been informed and believes and thereon alleges that by or about late 2012, he started complaining to RAMIREZ, his District Operations Manager, about WM'S requirement that he work the herein alleged overtime hours. Plaintiff has been informed and believes and thereon alleges that, at first, RAMIREZ essentially ignored his complaints and instead informed him that he had no choice. Plaintiff therefore continued to comply, believing that it would be temporary.

17.     However, as time passed, WM'S overtime mandate did not change. Consequently, by or about Spring 2013, Plaintiff began complaining to RAMIREZ with greater frequency every week, until he was doing so multiple times a week. When complaining, Plaintiff would also air his belief that the overtime requirement was illegal as it created a dangerous condition for the public at large.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

18.    Very soon thereafter, RAMIREZ began treating Plaintiff with hostility and the more he complained, the more hostility and anger RAMIREZ subjected him to. RAMIREZ began to routinely threaten Plaintiff with reprimand, unfounded disciplinary actions and even termination when he voiced his concerns about the dangers and illegality of having to work the amount of overtime expected of him. On numerous instances, RAMIREZ also demanded that Plaintiff either stop complaining or quit if he did not like the workload.

19.    RAMIREZ simply refused to even respond to Plaintiff's safety complaints or concerns and would instead deflect by issuing non-substantive criticisms of Plaintiff's work performance. In so doing, either in response to his complaints or soon after he complained, RAMIREZ unjustifiably criticized Plaintiff's work performance multiple times a week.

20.    From time to time, Plaintiff was unable to finish his route due to various unforeseen circumstances, including but not limited to sheer exhaustion. Plaintiff has been informed and believes and thereon alleges, that drivers would fail to finish their routes based upon a myriad of reasons. Pursuant to his observations, Plaintiff did not see RAMIREZ take any adverse action against younger or newer drivers when they failed to finish their routes.

21.    However, when Plaintiff was unable to finish his route, RAMIREZ would immediately humiliate him. RAMIREZ frequently asked: "what the f**k is happening with you?" and retort: "you're not finishing the work because you're old," or "you've become too slow and lazy now" or words to that effect. On multiple occasions, Plaintiff even overheard RAMIREZ naming several older drivers and saying: "soon these old guys are going to be gone" or words to that effect.

22.    RAMIREZ further started to snub, sneer at and/or shun Plaintiff whenever she saw him. RAMIREZ stopped replying to Plaintiff's greetings and spoke to Plaintiff in a highly condescending, disrespectful, rude, coarse, boorish, crass, terse and/or otherwise unprofessionally abrasive manner. By mid-2013, RAMIREZ, on a near daily basis, raised her voice at Plaintiff in an angry fashion; reprimanded him when he complained; spoke to him in a scathing, mocking tone; belittled him numerous times; and/or crudely criticized his work performance in the presence of his coworkers without justification, causing him embarrassment and/or humiliation.

///

6.
**THIRD AMENDED COMPLAINT FOR DAMAGES**

23. Plaintiff has been informed and believes and thereon alleges that RAMIREZ'S herein alleged demeanor toward him was principally precipitated by and/or in response to, his countless complaints about his reasonable beliefs that WM'S overtime policy was illegal and dangerous and also because of his age. Plaintiff has been further informed and believes and thereon alleges that RAMIREZ'S behavior, as herein described, markedly escalated in frequency and scope between approximately late-2012, when he first started to complain, and the termination of his employment.

24. Plaintiff has been informed and believes and thereon alleges that RAMIREZ treated him in the herein alleged manner in order to intimidate him into no longer complaining or to harass him into quitting. Plaintiff has been further informed and believes and thereon alleges that RAMIREZ'S conduct, as herein alleged, was carried out with the prior knowledge, consent, authorization, encouragement and/or ratification of WM by and through its executives and/or managing agents.

25. The behavior RAMIREZ subjected Plaintiff to, as herein set forth, amounted to a concerted, routine and repeated pattern of offensive, abusive, pervasive and severe conduct that was directly related to Plaintiff's complaints about WM'S illegal employment practices and the unsafe conditions he reasonably believed they created as well as his age. RAMIREZ'S conduct, as herein alleged, was sufficiently severe and pervasive so as to adversely alter the condition of Plaintiff's employment and in fact did so alter those conditions in an adverse manner.

26. As such, RAMIREZ'S conduct had the effect of communicating a very hostile message to Plaintiff that older employees who complained about WM'S illegal and/or dangerous employment practices were unwanted, subject to retaliation and deserving of unfounded disciplinary actions. Plaintiff has been informed and believes and thereon alleges that RAMIREZ acted in the herein alleged manner both in the furtherance of her managerial role on behalf of and for the benefit of WM and also for her own discriminatory, biased purposes.

27. Plaintiff has been informed and believes and thereon alleges that he was unable to easily severe ties with RAMIREZ since she was his District Operations Manager. Plaintiff has been informed and believes and thereon alleges that a reasonable man of his age, in his circumstances, would have considered RAMIREZ'S conduct to have created a hostile and abusive work environment and indeed, Plaintiff did consider his work environment to be abusive and hostile.

7.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

28.   In or about late May 2013, Plaintiff experienced a disabling medical condition requiring a brief period of hospitalization. Plaintiff has been informed and believes and thereon alleges that during his hospitalization, his medical condition severely limited his ability to participate in at least one major life activity, including, but not limited to, working, thereby necessitating a temporary leave of absence to recover. Plaintiff has been informed and believes and thereon alleges that, at all relevant times mentioned herein, the accommodation he needed was readily available and would not have created an undue hardship or burden on WM or its business operations in any way.

29.   Plaintiff has been informed and believes and thereon alleges that upon being taken to the hospital, his family members contacted WM, through a supervisor, and informed her of his condition as well as his request and/or need for a temporary leave of absence due to his disabilities. Plaintiff has been informed and believes and thereon alleges that the supervisor acknowledged his disabilities and agreed to afford him the temporary leave of absence he sought and required.

30.   However, upon being released in early June 2013, WM, through RAMIREZ, issued Plaintiff an unjustified disciplinary action for having taken a disability-based CFRA leave of absence. Plaintiff has been informed and believes and thereon alleges that when he told RAMIREZ that another supervisor had approved his temporary leave of absence as an accommodation, RAMIREZ responded by saying something to the effect of "I don't care, [the other supervisor] is nobody." Plaintiff has been informed and believes and thereon alleges that RAMIREZ issued the aforesaid disciplinary action with WM'S prior consent, authority, direction, knowledge, or ratification, both in the furtherance of her managerial role on behalf of and for the benefit of WM and for her own discriminatory, biased purposes.

31.   Plaintiff has been informed and believes and thereon alleges that also upon his return from the leave, a WM supervisor told him that he did not know "what the f***k the problem was" and that either he or his wife was "costing the company's insurance too much money," or words to that effect. Plaintiff has been informed and believes and thereon alleges that, since at least 2010 he had informed WM that his wife suffered from certain medical disabilities requiring ongoing and costly medical treatment in the form of, *inter alia*, dialysis, which was being paid for through the medical insurance benefits Plaintiff received as part of his compensation package from WM.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

32.   Plaintiff has therefore been informed and believes and thereon alleges that RAMIREZ issued the above said unfounded disciplinary action in retaliation for his repeated complaints about WM'S illegal and dangerous employment practices, his request and/or need for reasonable accommodations in the form of a CFRA-based leave of absence, his actual and/or perceived disabilities, his association with someone who was perceived to be disabled and his age. Plaintiff has also been informed and believes and thereon alleges that RAMIREZ'S action was intended to not only discourage him from requesting additional accommodations in the future, but to also discourage him from complaining in the future about WM'S illegal and dangerous employment practices.

33.   On or about July 29, 2013, despite his repeated and numerous complaints to WM in the past, Plaintiff was again forced to work an excessive amount of overtime. During this shift, Plaintiff experienced an unusual sense of exhaustion and reasonably believed that it was unsafe for him to continue driving the waste disposal truck on public roads. As a result, Plaintiff allowed his partner to briefly drive the truck while he performed tasks outside the truck.

34.   At all relevant times mentioned herein, based upon his lengthy employment history, Plaintiff reasonably believed that all of his partners, including his partner on July 29, 2013, were licensed and/or otherwise authorized to drive the truck. Plaintiff has been informed and believes and thereon alleges that it was customary for WM drivers to switch tasks with their partners and vice versa, particularly since he had routinely done so on countless occasions in the past.

35.   Plaintiff has been informed and believes and thereon alleges that soon after his July 29, 2013 shift, WM, through a supervisor, questioned him about the reason why he had allowed his partner to drive the truck. Plaintiff has been informed and believes and thereon alleges that he responded by explaining that he was too tired to drive due to the excess hours he had been working and that he reasonably believed that it was unsafe for him to drive the truck at that time.

36.   On or about August 1, 2013, Plaintiff suffered a serious industrial injury during the course and scope of his employment with WM. Plaintiff has been informed and believes and thereon alleges that his injury resulted in orthopaedic disabilities that limited his participation in at least one major life activity.

///

9.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

37.   Plaintiff has been informed and believes and thereon alleges that as a consequence of his injury, he required temporary reasonable accommodations to prevent further aggravation of his disabilities while allowing him to perform the essential duties of his job. Plaintiff has also been informed and believes and thereon alleges that the accommodations he required were readily available and would not have created an undue hardship for WM or its operations in any way.

38.   However, despite Plaintiff's prompt report of his injury, he was neither engaged in the interactive process nor offered any accommodations. Instead, the supervisor to whom he reported his injury made several profane epithets to Plaintiff, before RAMIREZ disciplined and suspended him for having allowed his partner, who was allegedly unauthorized, to drive on July 29, 2013.

39.   Plaintiff has been informed and believes and thereon alleges that the real reason why RAMIREZ disciplined and suspended him was because of his work-injury, his actual and/or perceived disabilities, his anticipated request for reasonable accommodations, the perception that his disabled wife was costing WM money and his age. Plaintiff has been further informed and believes and thereon alleges that RAMIREZ'S actions were additionally intended to punish him for his repeated complaints about WM'S illegal employment practices.

40.   Irrespective, the same day, on or about August 1, 2013, Plaintiff was seen by the company clinic for the injuries he suffered. Plaintiff has been informed and believes and thereon alleges that he was released back to work with medical restrictions which he immediately conveyed to WM. However, WM neither engaged Plaintiff in the interactive process nor did it offer accommodations.

41.   Plaintiff has been informed and believes and thereon alleges that on or about August 2, 2013, his doctor again released him with medical restrictions requiring modified duties. Plaintiff has been informed and believes and thereon alleges that WM received Plaintiff's release and request for accommodations but neither accommodated him nor engaged him in the interactive process.

42.   Plaintiff has been informed and believes and thereon alleges that on or about August 9, 2013, WM informed him that his 33 years of employment was terminated because he had allowed his allegedly unauthorized partner to drive the truck on or about July 29, 2013. Plaintiff has been informed and believes and thereon alleges that he was then immediately replaced by someone substantially younger in age who was neither disabled nor associated with anyone who was.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

43. Plaintiff has been informed and believes and thereon alleges that shortly before his termination, a WM supervisor informed his co-workers that Plaintiff was being "fired because he is too old." Plaintiff has therefore been informed and believes and thereon alleges that WM'S herein alleged conduct, including, the failure and/or refusal to engage him in the interactive process, failure and/or refusal to offer him accommodations, the suspension of his employment and the disciplinary actions taken against him, as well as the termination of his employment, were all discriminatory and based upon his age, actual and/or perceived disabilities, need and/or requests for accommodations, his CFRA leave, his association with a disabled person or someone WM perceived to be disabled and for his ongoing complaints about WM's illegal and unsafe employment practices. Plaintiff has also been informed and believes and thereon alleges that WM'S illegal conduct, acts and/or omissions, including the termination of his employment, as herein set forth, were either directly, expressly and/or tacitly carried out by and/or with the express and/or implied approval, consent, authorization, direction, knowledge and/or ratification of WM'S managing agents, including RAMIREZ, all of whom Plaintiff has been informed and believes to have been bestowed with sufficient discretionary authority to make ad hoc policy decisions on behalf of WM.

### FIRST CAUSE OF ACTION
**DISCRIMINATION BASED ON ACTUAL, PERCEIVED AND/OR ASSOCIATIONAL DISABILITY**
(PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

44. Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 43 and incorporates each by reference as though set forth in full herein.

45. At all relevant times mentioned herein, the FEHA prohibits an employer from discriminating against employees who suffer from disabilities that limit at least one major life activity. The FEHA equally prohibits an employer from discriminating against employees who it regards as, or perceives to be, suffering from disabilities that limit at least one major life activity.

46. *Govt. Code* §12945.5 additionally prohibits an employer from discriminating against any employee who exercises his/her rights pursuant to the CFRA. The FEHA, through *Govt. Code* §12926(o), also protects individuals who are associated with or perceived to be associated with any person who has, or is perceived to have, a disability.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

47.   At all relevant times mentioned herein, Plaintiff was a member of a protected class of persons under FEHA, as codified by *Govt. Code* §12940, et seq., in that he was an employee with a disability limiting a major life activity as defined by *Govt. Code* §12926, et seq. Plaintiff had also exercised his right under the CFRA pursuant to *Govt. Code* §12942.5, by taking a brief leave of absence due to a disability. Plaintiff has been informed and believes and thereon alleges that WM regarded and/or perceived him to be disabled, as herein alleged. Plaintiff has been further informed and believes and thereon alleges that WM also perceived him to be associated with a person who has, or is perceived to have a disability, as herein alleged.

48.   Plaintiff is informed and believes and thereon alleges that his actual or perceived disabilities, as well as WM'S perception that he was associated with a disabled person, in addition to his need for reasonable accommodations and his CFRA leave were all substantial, motivating and/or determining factors in the discriminatory treatment he was subjected to, including the termination of his employment.   Accordingly, WM'S conduct, as herein alleged, was unlawful and discriminatory, in violation of *Govt. Code* §§ 12940(a), 12940(j)(1) and 12942.5(l).

49.   As a direct, foreseeable, legal and proximate result of WM'S discriminatory conduct, acts, or omissions, Plaintiff has suffered and continues to suffer, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of said discriminatory conduct, acts, or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to *Govt. Code* §12965(b), in an amount to be proven at trial.

50.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, thus justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION
### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
#### (PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

51.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 43 and incorporates each by reference as though set forth in full herein.

52.   Plaintiff suffered from disabilities that limited at least one of his major life activities as herein alleged. Plaintiff's disabilities necessitated reasonable accommodations. WM was aware of Plaintiff's disabilities and need for reasonable accommodations because he had notified it of same and requested said accommodations or because WM had come upon information indicating said needs.

53.   Nevertheless, and despite its knowledge, WM failed and/or refused to engage Plaintiff in a timely good faith interactive process to identify all available reasonable accommodations for his disabilities. Instead, WM discriminated and retaliated against Plaintiff as herein alleged and described.

54.   Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, had WM timely engaged him in the interactive process and furnished him with accommodations, he would have been able to perform the essential functions of his job without aggravating his disabilities and there would have been no danger to his, or any other person's, health and safety. However, WM did not engage in such a process and its failure was a violation of *Govt. Code* §12940(n).

55.   As a direct, foreseeable, legal and proximate result of WM'S retaliatory and discriminatory conduct, acts, or omissions, as herein alleged, Plaintiff has suffered substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of said retaliatory and discriminatory conduct, acts, or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to *Govt. Code* §12965(b), in an amount to be proven at trial.

///

///

**THIRD AMENDED COMPLAINT FOR DAMAGES**

56.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. As such, WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

### THIRD CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### (PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

57.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 43, as well as 51 through 56 and incorporates each by reference as though set forth in full herein.

58.   During his employment with WM, Plaintiff suffered from serious disabilities which limited at least one of his major life activities. Plaintiff's disabilities required reasonable accommodations so as to allow him to perform the essential functions of his employment with WM.

59.   WM was aware of Plaintiff's disabilities and need for reasonable accommodations, as set forth herein, because Plaintiff informed it of same and requested reasonable accommodations, or it had come upon information indicating same. At all relevant times mentioned herein, Plaintiff was willing and able to perform the essential functions of his job with reasonable accommodations for his disabilities. Had WM furnished Plaintiff with reasonable accommodations, he would have performed the essential functions of his job without aggravating his disabilities and there would have been no danger to either Plaintiff, or any other person's health and safety.  Plaintiff is informed and believes and thereon alleges that the accommodations necessitated by his disabilities were readily available and would not have created an undue hardship upon WM, or its business operations.

60.   However, with the express or tacit approval, consent, authorization, knowledge, direction and/or ratification of its managing agents, including its directors and executives, WM failed and/or refused to furnish Plaintiff with accommodations.  As such, WM'S failures to accommodate, was in violation of *Govt. Code* §12940(m).

14.
**THIRD AMENDED COMPLAINT FOR DAMAGES**

61.   As a direct, foreseeable, legal and proximate result of WM'S retaliatory and discriminatory conduct, acts, or omissions, as herein alleged, Plaintiff has suffered substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of said retaliatory and discriminatory conduct, acts, or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to *Govt. Code* §12965(b), in an amount to be proven at trial.

62.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. As such, WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

**FOURTH CAUSE OF ACTION**
**DISCRIMINATION BASE ON AGE**
**(PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)**

63.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 43 and incorporates each by reference as though set forth in full herein.

64.   At all relevant times mentioned herein, *Govt. Code* §12940(a) prohibits an employer, such as WM, from discriminating against its employees in compensation, or in terms, conditions, or privileges of employment based upon their age. At all relevant times mentioned herein, Plaintiff was a member of a protected class of persons under *Govt. Code* §12940, et seq., in that, at all relevant times mentioned herein, he was over the age of 40.

65.   At all relevant times mentioned herein, for over 30 years, Plaintiff competently performed his job duties as required by WM and he did so to WM'S complete satisfaction. Nevertheless, WM discriminated against him and then immediately replaced him with a substantially younger employee upon the abrupt termination of his lengthy employment.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

66.   Plaintiff is informed and believes and thereon alleges that his age was a substantial motivating determining factor in WM'S discriminatory conduct, as herein described. Plaintiff is additionally informed and believes and thereon alleges that WM'S actions were all carried out by and through its managing employees and/or with their knowledge, consent, authority, approval and/or ratification, as herein described. Therefore, the wrongful, discriminatory conduct of WM, as herein set forth, constitutes an unlawful, discriminatory employment practice in violation of *Govt. Code* §12940(a).

67.   As a direct, foreseeable, legal and proximate result of WM'S discriminatory conduct, acts, or omissions, as herein alleged, Plaintiff has suffered substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of said retaliatory and discriminatory conduct, acts, or omissions, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of pursuant to *Govt. Code* §12965(b), in an amount to be proven.

68.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. As such, WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

## FIFTH CAUSE OF ACTION
### RETALIATION
#### (PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

69.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 68 and incorporates each by reference as though set forth in full herein.

///

///

---

**16.**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

70.   *Labor Code* §1102.5 and *Govt. Code* §12940(h) make it unlawful for an employer to retaliate against an employee because of the employee's opposition to any practice forbidden by law, including the FEHA, including but not limited to, requesting accommodations, opposing illegal activities and unlawful employment practices that the employee reasonably believes exist and are in violation of the law and/or participating in activities the employer perceives to be in opposition to its illegal practices, whether intended or not by the employee expressing the opposition. *Govt. Code* §12942.5 also prohibits employers from taking any action against an employee for having exercised his or her rights under the CFRA.

71.   During his employment, WM reprimanded, discriminate against and/or intimidated Plaintiff each time he sought accommodations for his disabilities or complained about his unsafe working conditions. Plaintiff was repeatedly harassed and retaliated against, as herein alleged, when he complained about what he reasonably believed was WM'S illegal act of requiring him to work excessive amounts of overtime which he reasonably believed to create a dangerous condition. In May 2015, Plaintiff was disciplined for exercising his rights under the CFRA. On August 1, 2013, Plaintiff was reprimanded and suspended right after WM learned of his serious work-related injuries.

72.   On August 1 and again on August 2, 2015, WM was informed that Plaintiff was released to work with medical restrictions dictating modified duties. On August 9, 2015, after 33 years of employment, Plaintiff was terminated based upon an obvious pretext. Plaintiff has been informed and believes and thereon alleges that his complaints, his requests for accommodations and his exercise of his rights under the CFRA, as herein alleged, were substantial motivating and determining factors in WM'S decision to terminate his employment.

73.   As a direct, foreseeable, legal and proximate result of WM'S retaliatory conduct, acts, or omissions, as herein alleged, Plaintiff suffered substantial and tangible loss of job benefits, as well as humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of WM'S retaliatory conduct, acts, or omissions, as herein alleged, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling his to reimbursement of same pursuant to *Govt. Code* §12965(b), in an amount to be proven at trial.

17.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

74.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

## SIXTH CAUSE OF ACTION
### HARASSMENT
### (PLAINTIFF AGAINST WM AND RAMIREZ INCLUSIVE OF DOES 1 TO 100)

75.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 74 and incorporates each by reference as though set forth in full herein.

76.   Pursuant to *Govt. Code* § 12940(j)(3), "[a]n employee ... is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer ... knows or should have known of the conduct ...." (*See also McClung v. Emp. Develop. Dept.* (2004) 34 Cal.4th 467, 475.) The California Supreme Court has explained that there is "no reason why an employee who is the victim of discrimination based on some official action of the employer cannot *also* be the victim of harassment by a supervisor for abusive messages that create a hostile working environment, and under the FEHA the employee would have two separate claims of injury." (*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 707.) (Emphasis added.)

77.   *Roby* involved a suit "for hostile social interactions in the workplace that affected the workplace environment because of the offensive message they conveyed." (*Id.*, at 708.) The *Roby* Court found that the "harassing actions included [*the* supervisor]'s *demeaning comments to* [*the plaintiff*] *about her body odor and arm sores,* [*the supervisor*]'s *refusal to respond to* [*the plaintiff*]'s *greetings,* [*the supervisor*]'s *demeaning facial expressions and gestures toward* [*the plaintiff*], *and* [*the supervisor*]'s *disparate treatment of* [*the plaintiff*] *in handing out small gifts.*" (*Id.*, at 709.) (Emphasis added.) *Roby* recognized that "these were events that were unrelated to [the supervisor]'s managerial role, engaged in for her own purposes." (*Id.*, at 709.)

///

78.   However, *Roby* clarified that "some actions that [the supervisor] took with respect to [the plaintiff were] best characterized as *official employment actions* rather than hostile social interactions in the workplace, but they may have contributed to the hostile *message* that [the supervisor] was expressing to [the plaintiff] in other, more explicit ways. These would include [the supervisor]'s *shunning of* [*the plaintiff*] during staff meetings, [the supervisor]'s *belittling of* [*the plaintiff*] '*s job,* and [the supervisor]'s *reprimands of* [*plaintiff*] *in front of* [*plaintiff*]'s *coworkers*. Moreover, acts of discrimination can provide evidentiary support for a harassment claim by establishing discriminatory animus on the part of the manager responsible for the discrimination, thereby *permitting the inference that rude comments or behavior by that same manager were similarly motivated by discriminatory animus*." (*Id.*) (Emphasis added.)

79.   At all relevant times mentioned herein, Plaintiff and RAMIREZ were employed by WM. At all relevant times mentioned herein, RAMIREZ subjected Plaintiff to a concerted, routine and repeated pattern of unwanted, unsolicited, offensive and abusive conduct, directly because of his complaints about WM'S unsafe and illegal employment practices, his age, his actual and/or perceived disabilities, his request and/or need for accommodations including his CFRA leave, his work-related disabilities, his anticipated request for accommodations therefor and the perception that he was associated with a person who was disabled and which WM believed was costing it money as herein alleged. RAMIREZ'S conduct paralleled the behavior of the supervisor in *Roby*.

80.   RAMIREZ'S repeatedly exposed Plaintiff to a pattern of rude, disrespectful, humiliating, belittling and demeaning acts relating to his protected activities and characteristics. RAMIREZ'S conduct conveyed a clear hostile message to Plaintiff that his herein alleged protected activities and characteristics were not acceptable to her or WM. RAMIREZ'S conduct, as herein alleged and described, was therefore sufficiently severe and pervasive so as to adversely alter the condition of Plaintiff's employment. Plaintiff has been informed and believes and thereon alleges that any reasonable man of his age, with his concerns, his disabilities and in his circumstances, would have considered RAMIREZ'S herein alleged conduct to have created a work environment that was hostile and abusive and Plaintiff in fact did consider his work environment to be hostile and abusive as herein set forth.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

81.   Plaintiff has been informed and believes and thereon alleges that RAMIREZ was, at all relevant times mentioned herein, a managing employee of WM and that the harassing and discriminatory actions she took against him and/or exposed him to, as herein alleged, were carried out with WM'S prior consent, approval, authorization, direction and/or after-the-fact ratification. Plaintiff has been further informed and believes and thereon alleges that WM, by and through its managing and supervisory employees, including but not limited to RAMIREZ, knew, must have known, had reason to know and/or should have known of RAMIREZ'S harassing conduct, yet failed to take immediate, appropriate, or adequate corrective and/or remedial measures and/or actions to protect Plaintiff, in violation of *Govt. Code* §§ 12940(k) and 12940(j)(1). In fact, by not taking any preventative measures against the aforesaid harassment, WM approved, ratified, encouraged, aided, incited and/or conspired with RAMIREZ in carrying out the subject harassment as herein alleged.

82.   Therefore, as a direct, foreseeable, legal and proximate result of RAMIREZ'S conduct and behavior, as herein described and alleged, as well as WM'S failure to take immediate corrective and protective action, in violation of *Govt. Code* §§ 12940(k) and 12940(j)(1), Plaintiff suffered substantial loss of tangible job benefits, in addition to anxiety, trepidation, apprehension, panic, dread, fear, worry, embarrassment, humiliation, shame, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of RAMIREZ'S conduct and behavior, as herein described, as well as WM'S failure to act, as herein set forth, Plaintiff was also caused to retain attorneys and have thus incurred legal fees, expenses and costs, entitling her to reimbursement of same pursuant to *Govt. Code* §12965(b), in an amount to be proven at trial.

83.   Defendants committed the acts and/or omissions herein set forth deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. Defendants acted in a willful and reckless manner and their conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff cruel and unjust hardship. Defendants' conduct, acts and/or omissions, thus, justify an award of punitive damages in a sum sufficient to deter them from engaging in such conduct again. Punitive damages are also warranted to deter other similarly situated employers and managers from also behaving the same way.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

## SEVENTH CAUSE OF ACTION
### FAILURE TO PREVENT
(PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

84.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 83 and incorporates each by reference as though set forth in full herein.

85.   WM failed to prevent the retaliatory discrimination Plaintiff suffered as herein alleged. Accordingly, by failing to prevent the herein alleged acts of retaliatory discrimination, by wholly failing to undertake any prompt and adequate investigation of said unlawful conduct and by failing to take any action in response to said conduct, WM violated *Govt. Code* §12940(k) and (j)(1).

86.   As a direct, foreseeable, legal and proximate result of WM'S omissions to act as well as the harassing discrimination Plaintiff was subjected to by and through WM'S managing and/or supervisory employees, Plaintiff has suffered substantial damages including, but not limited to benefits, humiliation, embarrassment, mental and emotional distress and discomfort, in an amount to be proven at trial. As a further direct, foreseeable, legal and proximate result of WM'S omissions to act and the conduct of its managing and/or supervisory employees, as herein set forth, Plaintiff has also been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to *Govt. Code* §12965(b), in an amount to be proven at trial.

87.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. As such, WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in an amount sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

## EIGHTH CAUSE OF ACTION
### WRONGFUL DISCHARGE
(PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

88.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 87 and incorporates each by reference as though set forth in full herein.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

89.   By terminating Plaintiff's employment, as herein alleged and by refusing to reinstate him, Defendant violated the fundamental public policies of the State of California embodied in, *inter alia*, FEHA as codified by *Govt. Code* §12900 et seq. The policy of this State, as identified by *Govt. Code* §12920, is to protect and safeguard the rights and opportunities of all persons to seek, obtain and hold employment without discrimination on the basis of their age, disabilities, associations or requests for reasonable accommodations.

90.   *Labor Code* §1102.5 and *Govt. Code* §12940(h) make it unlawful for an employer to retaliate against an employee because of the employee's opposition to any practice forbidden by law, including the FEHA, such as, but not limited to, requesting accommodations, opposing illegal activities, including unlawful employment practices, that the employee reasonably believes exist and are in violation of the law and/or participating in activities the employer perceives to be in opposition to its illegal practices, whether intended or not by the employee expressing the opposition. *Govt. Code* §12942.5 also prohibits employers from taking any action against an employee for having exercised his or her rights under the CFRA. By terminating Plaintiff in the manner herein alleged, WM violated the sound public policies of this State.

91.   As a direct, foreseeable, legal and proximate result of Defendant's illegal conduct, Plaintiff has suffered substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.  As a further direct, foreseeable, legal and proximate result of Defendant's conduct, Plaintiff has been caused to retain attorneys and has thus incurred legal fees, expenses and costs, entitling him to reimbursement of same pursuant to *Code of Civil Procedure* §1021.5, in an amount to be proven at trial.

92.   Moreover, WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in a sum sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

## NINTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(PLAINTIFF AGAINST WM AND RAMIREZ, INCLUSIVE OF DOES 1 TO 100)

93.   Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 92 and incorporates each by reference as though set forth in full herein.

94.   WM unlawful conduct, as set forth herein, exceeded the normal risks of the employment relationship that Plaintiff had. As such, the subject conduct was extreme, outrageous and exceeded the boundaries of a decent society, rendering it outside the compensation bargain.

95.   WM, by and through the acts and/or omissions of its managing agents, directors and/or executives, acting on WM'S behalf, with WM'S express and/or implied consent, approval, authority and/or ratification, wrongfully, wilfully, deliberately and intentionally sought to inflict emotional distress upon Plaintiff by and through the conduct and/or actions herein described and alleged. Additionally, WM knew, must have known, should have known, or had reason to know of the conduct and/or actions, here described, were substantially certain to inflict emotional distress upon Plaintiff given his unique susceptibility and his subordinate position as herein set forth.

96.   WMS conduct, as herein alleged, was intentional, malicious and carried out with a deliberate, conscious and/or reckless disregard of the high degree of probability that it would inflict emotional distress upon Plaintiff. Said conduct was also in direct violation of California law and public policy. Therefore, as a direct, foreseeable, legal and proximate result of WM'S intentional, wilful and deliberate conduct, Plaintiff suffered humiliation, embarrassment, severe mental and emotional distress and discomfort, all to his damage in an amount to be proven at trial.

97.   WM committed the acts and/or omissions herein described deliberately, intentionally, oppressively, fraudulently, maliciously and in conscious disregard for Plaintiff's rights. WM acted in a willful and reckless manner and its conduct was and continues to be despicable, malicious and outrageous, having caused and continuing to cause Plaintiff to suffer cruel and unjust hardship. WM'S conduct, as herein alleged, therefore, justifies an award of punitive damages in a sum sufficient to deter it from ever engaging in such conduct again in the future. Punitive damages are also warranted to deter other similarly situated employers from also behaving the same way.

///

THIRD AMENDED COMPLAINT FOR DAMAGES

## TENTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
### (PLAINTIFF AGAINST WM, INCLUSIVE OF DOES 1 TO 50)

98.    Plaintiff re-alleges each and every allegation set forth in paragraphs 1 through 92 and incorporates each by reference as though set forth in full herein.

99.    By way of the illegal acts and conduct herein alleged, WM has engaged in unfair, unlawful and fraudulent activity, in direct violation of the provisions of the Unfair Competition Law, codified by *Bus. & Prof. Code* §17200 et seq. Plaintiff is informed and believes and thereon alleges that WM'S herein alleged actions were carried out explicitly for the purpose of gaining an advantage against its competitors by reducing costs, including the avoidance of costs and expenses associated with accommodations and workers' compensation insurance premiums as well as hiring more employees to avoid forcing its existing employees from working significant amounts of overtime.

100.    Plaintiff is informed and believes and thereon alleges that the aforesaid actions of WM, as herein alleged, resulted in an increase in profits for it, enabling it to greater generate income as a direct result of the above-mentioned unlawful and unfair business practices. WM must therefore be disgorged of any and all monies it received while engaging in such practices, in addition to prejudgment interest, penalties, reasonable attorneys' fees and costs, pursuant to *Bus. & Prof. Code* §17200 et seq. Plaintiff further seek to enjoin WM from carrying out such activities again in the future.

**WHEREFORE**, for Causes of Action One through Five and Seven, Plaintiff, AUGUSTIN PEREZ, hereby demands judgment against WM, inclusive of DOES 1 through 50, as follows:

1.    For economic and non-economic damages;

2.    For exemplary and punitive damages according to proof;

3.    For reasonable attorneys' fees pursuant to California law, including but not limited to *Government Code* §12965(b);

4.    For pre-judgment interest at the maximum legal rate;

5.    For costs and expenses of the suit incurred herein; and

6.    For such other and further relief as the Court may deem just and proper.

**24.**

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1    **WHEREFORE**, for the Sixth Cause of Action, Plaintiff, AUGUSTIN PEREZ, hereby

2    demands judgment against WM and RAMIREZ, inclusive of DOES 1 through 100, as follows:

3       1.   For economic and non-economic damages;

4       2.   For exemplary and punitive damages according to proof;

5       3.   For reasonable attorneys' fees pursuant to California law, including but not limited

6            to *Government Code* §12965(b);

7       4.   For pre-judgment interest at the maximum legal rate;

8       5.   For costs and expenses of the suit incurred herein; and

9       6.   For such other and further relief as the Court may deem just and proper.

10

11   **WHEREFORE**, for the Eighth Cause of Action, AUGUSTIN PEREZ, hereby demands

12   judgment against WM, inclusive of DOES 1 through 50, as follows:

13      1.   For economic and non-economic damages;

14      2.   For exemplary and punitive damages according to proof;

15      3.   For reasonable attorneys' fees pursuant to California law, including, but not limited

16           to *Code of Civil Procedure* §1021.5;

17      4.   For pre-judgment interest at the maximum legal rate;

18      5.   For costs and expenses of the suit incurred herein; and

19      6.   For such other and further relief as the Court may deem just and proper.

20

21   **WHEREFORE**, for the Ninth Cause of Action, Plaintiff, AUGUSTIN PEREZ, hereby

22   demands judgment against WM and RAMIREZ, inclusive of DOES 1 through 100, as follows:

23      1.   For economic and non-economic damages;

24      2.   For exemplary and punitive damages according to proof;

25      3.   For pre-judgment interest at the maximum legal rate;

26      4.   For costs and expenses of the suit incurred herein; and

27      5.   For such other and further relief as the Court may deem just and proper.

28   ///

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1    **WHEREFORE**, for Tenth Cause of Action Plaintiff, AUGUSTIN PEREZ, hereby

2    demands judgment against WM, inclusive of DOES 1 through 50, as follows:

3         1.    For Injunctive relief proscribing WM from engaging in the herein alleged illegal

4             activities;

5         2.    disgorgement and/or restitution of income obtained by WM pursuant to practices

6             made unlawful under *Bus. & Prof. Code* §17200 et seq.;

7         3.    For reasonable attorneys fees pursuant to *Bus. and Prof. Code* §17200 et seq.;

8         4.    For pre-judgment interest at the maximum legal rate;

9         5.    For costs of suit incurred herein; and

10        6.    For such other and further relief as the Court may deem just and proper.

**UNLIMITED CIVIL CASE**

**AMOUNT DEMANDED EXCEEDS $25,000.00**

**<u>DEMAND FOR TRIAL BY JURY</u>**

SHEGERIAN & ASSOCIATES

AND

LIVINGSTON • BAKHTIAR

Dated: 3/24/16 _____

By: _____
       EBBY S. BAKHTIAR,
       ATTORNEY FOR PLAINTIFF,
       AUGUSTIN PEREZ

**THIRD AMENDED COMPLAINT FOR DAMAGES**

PROOF OF SERVICE
1013A (3) CCP Revised 1/1/88

STATE OF CALIFORNIA          )
                             ) ss
COUNTY OF LOS ANGELES        )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3435 Wilshire Boulevard, Suite 770, Los Angeles, California 90010.

      On **March 25, 2016**, I served the forgoing documents described as: **THIRD AMENDED COMPLAINT** a true copy thereof enclosed in a sealed envelop(s) addressed as follows:

**Raul E. Zermeno**
**Fisher & Phillips**
**444 South Flower Street Suite 1590**
**Los Angeles, California 90071**

**BY MAIL:**  I caused such envelope to be deposited in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully pre-paid.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, the correspondence is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in the affidavit.

      I declare under penalty of perjury, under the law of the State of California, that the foregoing is true and correct.

      Executed on **March 25, 2016**, at Los Angeles, California.


                                            _____
                                          **CARLOS GARCIA,**
                                          DECLARANT