UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-7306 DMG (KSx)** | Date | November 17, 2016 |
|---|---|---|---|

| Title | *Augustin Perez v. USA Waste Management, Inc., et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable      DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 21, 2016, the Court issued an Order to Show Cause ("OSC") why this action should not be remanded to state court for lack of subject matter jurisdiction and untimely removal. *See* OSC at 1–3. Specifically, Defendant USA Waste Management, Inc. ("USA Waste") appears to have missed the 30-day window for removal under 28 U.S.C. section 1446(b), given that USA Waste did not remove the case until 10 months after Plaintiff Augustin Perez served it with the original complaint. OSC at 2.

In response, USA Waste points to the "bad faith tactics" on the part of Perez, which allegedly includes his delaying service of USA Waste with the complaint, repeatedly extending the date for his deposition, and seeking to continue the summary judgment hearing at state court, among other things. *See* Def. Resp. at 7–8 [Doc. # 15.] USA Waste argues that because of Perez's delay tactics, the Court should allow removal under 28 U.S.C section 1446(c). *Id.* at 7. Section 1446(c) states that a "case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action." USA Waste correctly states that this one-year limit does not apply if "plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

USA Waste glosses over, however, the 30-day time limit under 1446(b)(3). The one-year limit under 1446(c) serves as an *outer limit* that "does *not extend the 30-day limit* after defendant 'ascertains' the case has become removable." Rutter Group Practice Guide: *Federal Civil Procedure Before Trial*, Ch. 2D-7 (2016) (emphasis added). In other words, even if the Court finds that Plaintiff acted in bad faith, USA Waste must still have satisfied the 30-day limit under section 1446(b)(3).

It has failed to do so here. USA Waste contends that non-diverse Defendants Erika Ramirez and Waste Management of California, Inc. ("WM of CA") are sham defendants and that "USA Waste could not remove the case until both defendants were dismissed from the action."

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-7306 DMG (KSx)** | Date | November 17, 2016 |
|---|---|---|---|
| Title | *Augustin Perez v. USA Waste Management, Inc., et al.* | Page | 2 of 2 |

Def. Resp. at 8.  Not so.  USA Waste could have removed the case when it perceived Ramirez and WM of CA were sham defendants.  Perez voluntarily dismissed Ramirez from the case on May 9, 2016.  OSC at 2.  But with WM of CA, USA Waste offers no evidence that it could only have ascertained removability within the 30 days that preceded the September 28, 2016 removal date.  *See* OSC at 1.

Indeed, USA Waste itself argues that proving WM of CA was a sham defendant (i.e., did not employ Plaintiff Perez) "required WM of CA to first depose Plaintiff and then file for summary judgment based on Plaintiff's deposition testimony."  Def. Resp. at 9.  Plaintiff appeared for his deposition on May 9, 2016.  Zermeno Decl. ¶ 12 [Doc. # 15-2].  WM of CA filed its summary judgment motion on May 25, 2016, which eventually resulted in the state court's dismissing WM of CA from the case on September 12, 2016 "because [WM of CA] was not Plaintiff's employer."  Zermeno Decl. ¶¶ 13, 15.  The evidence suggests that USA Waste could have determined that WM of CA was not Plaintiff's employer, and therefore a sham defendant, as early as May 25, 2016, if not before.  Presumably, WM of CA could have consulted its own records to ascertain whether it was Plaintiff's employer even without deposing Plaintiff.

In light of the foregoing, and given the strong presumption against removal jurisdiction, the Court **REMANDS** this action to the Los Angeles County Superior Court.  Accordingly, Perez's motion to remand is **DENIED** as moot.  [Doc. #11.]  The Court **VACATES** the November 18, 2016 hearing on Perez's motion and the scheduling conference.

**IT IS SO ORDERED.**